UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

David Snead II,

          Plaintiff,      Case No. 20-11877

v.                             Judith E. Levy
                              United States District Judge

Chad F. Wolf, *et al.*,

                              Mag. Judge Elizabeth A.
          Defendants.   Stafford

_____/

**ORDER DENYING PLAINTIFF'S
MOTION TO SET ASIDE ORDER OF DISMISSAL AND TO
REINSTATE CASE [13]**

On August 2, 2021, Plaintiff filed an ex parte motion to set aside the April 30, 2021 order of dismissal (ECF No. 9) and to reinstate the case. (ECF No. 13.) Plaintiff's motion outlines the procedural development of the case leading to the Court's April 30, 2021 order of dismissal and indicates that Plaintiff has subsequently retained the services of Plaintiff's counsel to represent him. (*Id.* at PageID.82–83.)

However, Plaintiff's motion does not outline any legal bases under which the Court is authorized to set aside the order of dismissal and reinstate the case. The Court thus assumes that Plaintiff's motion is

brought pursuant to Federal Rule of Civil Procedure 60(b), which authorizes a district court to exercise its discretion to grant relief from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Furthermore, only "extraordinary circumstances" support granting relief under the residual exception in Rule 60(b)(6). *Smith v. Sec'y of Health and Human Servs.*, 776 F.2d 1330, 1333 (6th Cir. 1985). Plaintiff has not proffered any allegations in support of finding that relief from judgment is warranted under the explicit circumstances

outlined in Rule 60(b)(1)–(5). Nor does the Court find that obtaining the assistance of counsel post-dismissal constitutes "extraordinary circumstances" that would support granting relief under Rule 60(b)(6). Accordingly, Plaintiff's motion to set aside the order of dismissal and reinstate the case is DENIED.

IT IS SO ORDERED.

Dated: February 8, 2022      s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 8, 2022.

     s/William Barkholz
     WILLIAM BARKHOLZ
     Case Manager